UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:16-cr-93-WTL-MJD-01 |
| ) | |
| TAIWO K. ONAMUTI, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR REVOCATION OF DETENTION ORDER**

Before the Court is the Defendant's motion for revocation of his detention order (Dkt. No. 26). The Government has not filed a response. The Court **DENIES** the motion for the reasons set forth below.

## I.  STANDARD

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's detention order. Section 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The district court must conduct a *de novo* review and need not defer to the magistrate's findings. The Court's review of the magistrate judge's decision may be by either reviewing the transcript or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court shall exercise its discretion and shall conduct its *de novo* review without hearing additional argument.

## II. BACKGROUND

On April 11, 2016, the Defendant, Taiwo K. Onamuti, was charged by Complaint in the Southern District of Indiana. Onamuti was arrested on April 15, 2016, in the Northern District of Georgia. On May 4, 2016, an Indictment was filed in the Southern District of Indiana charging Onamuti with six counts of false claims in violation of 18 U.S.C. § 287 and six counts of identity theft in violation of 18 U.S.C. § 1028(a)(7). On May 6, 2016, Onamuti appeared before Magistrate Judge Debra McVicker Lynch. The Government moved to detain Onamuti under 18 U.S.C. §§ 3142(e)(1) and (f), submitting that no conditions or combination of conditions of release would reasonably ensure Mr. Onamuti's appearance or the safety of others or the community.

The Government proffered evidence that Onamuti posed a serious risk of flight and danger to the community. Onamuti appeared with counsel and proffered evidence in support of release. Ultimately, Magistrate Judge Lynch concluded that the Government established by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of others and the community and also established by a preponderance of the evidence that Onamuti presented a risk of flight. Accordingly, Magistrate Judge Lynch ordered Onamuti detained pending trial. A formal order of detention setting forth findings of fact and conclusions of law was issued on June 3, 2016 (Dkt. No. 23).

Onamuti moved for a revocation of his detention order. Having received and reviewed the record, including a transcript of the detention hearing and the Pretrial Services Report, the Court is now ready to rule on Onamuti's motion.

### III. DISCUSSION

Onamuti argues that Magistrate Judge Lynch erred in concluding that there were no conditions or combination of conditions that would reasonably assure Onamuti's appearance and the safety of the community. The Court's inquiry in this case is guided by the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person in the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

#### A. Nature and Circumstances of the Offense Charged

Onamuti is charged in a 12-count indictment with false claims and identify theft. He is accused of obtaining stolen identities, filing federal electronic returns with the Internal Revenue Service ("IRS"), and layering the proceeds. The Government proffered that Onamuti was the leader of the organization, possessed more than 100,000 stolen identities, and obtained or attempted to obtain more than $6 million from the IRS. Accordingly, this factor weighs in favor of detention.

#### B. Weight of the Evidence Against the Defendant

The Court also believes the weight of the evidence is strong, based on the Indictment, the complaint affidavit, and evidence that the Government proffered at the detention hearing. Accordingly, this factor also weighs in favor of detention.

#### C. The History and Characteristics of the Defendant

Section 3142(g)(3) instructs the Court to consider Onamuti's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Onamuti is twenty-eight years old and a Nigerian citizen. He came to the United States on a student visa in 2010, and he has not traveled outside of the United States since that time. He first lived in Michigan for school, and he then lived in Indiana from December 2010 until 2013, when he relocated to Atlanta, Georgia. He has lived at the same address in Doraville, Georgia since August 2014. He married his wife in July 2014, and they have an infant daughter. He also has a daughter from a prior relationship who lives in Nigeria, as do his parents. Four of his siblings live in different states in the United States. Onamuti's work visa was re-issued in February 2016, and he has a pending application for adjustment of status. The Court finds that he has ties to Nigeria that are at least as strong as his ties to the United States.

Onamuti has completed two years in college. He has an employment history beginning in 2013 that consists of work as a self-employed auto dealer, and, as of 2015, as a personal trainer at a gym.

He has a minor criminal history, consisting of reckless driving and driving with a suspended license. There is no evidence of drug or alcohol abuse or any failure to appear at court appearances. The Government proffered evidence that Onamuti has access to large sums of money.

Onamuti has presented some evidence of employment and family support, including e-mails from his mother-in-law and wife. However, as a whole, Onamuti's history and characteristics weigh in favor of detention.

**D. Nature and Seriousness of the Danger to Any Person in the Community**

The Government proffered evidence concerning Onamuti's ability to victimize others even were he released on home detention. The Court concludes that there is clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of any other person or the community. The Court finds that while the defendant is not a risk to physically harm another, he is and has been an economic danger to others.

## IV.   CONCLUSION

For the foregoing reasons, the Defendant's motion for revocation of detention order (Dkt. No. 26) is **DENIED**. The Court declines to modify the Magistrate Judge's order of detention.

SO ORDERED: 6/29/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic communication