UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:16-cr-00093-JRS-MJD |
| TAIWO K. ONAMUTI, | ) | -01 |
| Defendant. | ) | |

**Order Denying Defendant Onamuti's Motion to Withdraw
Plea of Guilty (ECF No. 236), Supplemental Motion to Withdraw
Plea of Guilty (ECF No. 245), and Motion for Hearing (ECF No. 252)**

Defendant Taiwo K. Onamuti's ("Onamuti") Motion to Withdraw Plea of Guilty (ECF No. 236), Supplemental Motion to Withdraw Plea of Guilty (ECF No. 245), and Motion for Hearing (ECF No. 252) are ripe for decision. After carefully reviewing the motions, responses, evidence, and relevant law, the Court concludes that the motions should be DENIED for the following reasons.

The Grand Jury indicted Defendant Taiwo K. Onamuti on eleven counts of false claims, 18 U.S.C. § 287, nine counts of identity theft, 18 U.S.C. § 1028(a)(7), two counts of aggravated identity theft, 18 U.S.C. § 1028A, and one count of conspiracy to defraud the United States, 18 U.S.C. § 371. (ECF No. 91.) On September 1, 2017, Onamuti appeared before Judge Lawrence to plead guilty to three counts of the Second Superseding Indictment—one count each of false claims, identity theft, and aggravated identity theft. (ECF Nos. 191, 229.) Judge Lawrence conducted an hour-

1

long, Rule 11 colloquy through a Yoruban interpreter. (ECF No. 229 at 2.) Onamuti testified that he learned to speak and write English growing up in school, and a few minutes into the hearing, Onamuti specifically sought permission to provide his answers in English. (ECF No. 229 at 5–6.) Onamuti spoke English for the remainder of the proceeding, while still receiving the benefit of the Yoruban translation. (ECF No. 229 at 6.)

During that colloquy, Onamuti displayed a thorough understanding of his plea agreement, going so far as to point out an error in the Government's calculation of the total offense level (ECF No. 229 at 7–10) and to correct Judge Lawrence when he misstated the scope of the plea agreement's appellate rights waiver (ECF No. 229 at 27–28). Onamuti swore that he understood that he faced up to five years' imprisonment for Count One (false claims) and up to 15 years' imprisonment for Count Twelve (identity theft). (ECF No. 229 at 18–19.) Onamuti *twice* swore that he understood that the Court must impose a consecutive, two-year term of imprisonment for Count 21 (aggravated identity theft) (ECF No. 229 at 20, 31) and that he understood that the Court need not accept his or the Government's sentencing recommendations. (ECF No. 229 at 30–31.) Onamuti swore that he understood that he "may very well be deported" as a result of his guilty pleas, (ECF No. 229 at 25), and affirmed in his plea agreement that he "want[ed] to plead guilty regardless of any immigration consequences that [his] plea may entail, even if the consequence is [his] removal from the United States." (ECF No. 186 at 15.)

Onamuti now moves to withdraw his guilty pleas. (ECF Nos. 236, 245.) "A plea of guilty is a formal and solemn step, where the defendant admits his guilt under oath after assuring the court, also under oath, that he is ready, willing, and able to make that decision after consulting sufficiently with his lawyer and being informed about all matters that he needs to know about to make the decision." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). Thus, a defendant may withdraw his guilty plea only if he shows a "fair and just" reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Stewart*, 198 F.3d 984, 986–87 (7th Cir. 1999).

The Seventh Circuit "has recognized three general grounds that merit withdrawal of a guilty plea: where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary." *Graf*, 827 F.3d at 583. However, "[a] defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *Id.* at 584. Onamuti does not claim actual or legal innocence, but rather contends that his pleas were not knowing and voluntary because his former lawyer made certain false assurances. (ECF No. 236.) Onamuti also complains that he is not a native English speaker and both his plea agreement and his communications with his former lawyer were in English. (ECF No. 236 at 2.)

Onamuti asserts that he entered his pleas of guilty because his former lawyer assured him that he would receive a sentence of time served. (ECF No. 236 at 1.) But Onamuti told Judge Lawrence that he understood that the Court must impose a

3

consecutive, two-year sentence on Count 21 and that he faced up to 15 years' imprisonment on Count Twelve. Likewise, Onamuti contends that he entered his pleas of guilty because his former lawyer assured him that he would be sentenced at "level 6." But Onamuti told Judge Lawrence that he understood that the Court was not bound by his or the Government's recommendations (ECF No. 229 at 30–31), and Onamuti clearly understood that the Government recommended an offense level of 32 (*see* ECF No. 229 at 7–10).

If Onamuti's representations at his change of plea hearing were true, then "his current submission must be false. Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Onamuti's claim that he is not a native English speaker is not "a compelling explanation for the contradiction," as the change of plea hearing was conducted through a Yoruban interpreter.

In a supplemental motion to withdraw his plea, Onamuti contends that his former lawyer failed to advise him that his plea of guilty to an aggravated felony would result in his deportation. (ECF No. 245.) Onamuti asserts that he "was told because of his status the guilty pleas would have no effect on his immigration situation." (ECF No. 245 at 2, 3.) Elsewhere, Onamuti asserts that his former lawyer told him that "deportation was not *required* but *could* happen." (ECF No. 245 at 2, 3.)

Regardless of what advice Onamuti claims he received, Onamuti told Judge Lawrence that he understood that he "may very well be deported." (ECF No. 229 at 25.) *See United States v. Fazio*, 795 F.3d 421, 427 (3d Cir. 2015) ("Any error in that advice [about immigration consequences] was remedied by the District Court's in-depth colloquy and the language of the plea agreement itself"). Judge Lawrence's warning was sufficient, even in the absence of the words "required" or "automatic," to ensure that Onamuti's guilty pleas were knowing and voluntary. *See United States v. Chezan*, 829 F.3d 785, 787 (7th Cir. 2016) ("not all aliens convicted of aggravated felonies are deported"). Moreover, Onamuti affirmed in his plea agreement that he "want[ed] to plead guilty regardless of any immigration consequences that [his] plea may entail, even if the consequence is [his] removal from the United States." (ECF No. 186 at 15.) Onamuti therefore has not shown a fair and just reason for requesting the withdrawal.

Onamuti requests an evidentiary hearing. (ECF No. 252.) A motion to withdraw a guilty plea may be denied without a hearing where the movant does not offer substantial evidence that impugns the validity of the plea. *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004). Here, Onamuti offers no evidence whatsoever—only unsworn assertions that contradict both themselves and his sworn statements at his change of plea hearing. Onamuti is therefore not entitled to an evidentiary hearing. *See id.* at 619–20 (holding that defendant's assertion that his attorney duped him into believing he made a deal for ten years' imprisonment did not entitle him to an evidentiary hearing).

Accordingly, Onamuti's Motion to Withdraw Plea of Guilty (ECF No. 236), Supplemental Motion to Withdraw Plea of Guilty (ECF No. 245), and Motion for Hearing (ECF No. 252) are all DENIED.

IT IS SO ORDERED.

Date: 11/26/2018

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE
cindy.cho@usdoj.gov

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov

John T. Tennyson
TENNYSON WIGGINGTON PLLC
jtennyson@nashville-law.com