Case 1:16-cr-00093-JRS-MJD   Document 344   Filed 09/11/24   Page 1 of 5 PageID #: 2629

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America
v.
Taiwo K. Onamuti

Case No.: 1:16-cr-00093-01
USM No: 69971-019

Date of Original Judgment: 1/9/2019
Date of Previous Amended Judgment: 10/14/2022
*(Use Date of Last Amended Judgment if Any)*

John T. Tennyson
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 10/14/2022 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/11/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable James R. Sweeney, II, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-cr-0093-JRS-MJD |
| TAIWO K. ONAMUTI, | ) ) | -01 |
| Defendant. | ) ) | |

**Order on Motions for Sentence Reduction**

Taiwo Onamuti was initially sentenced to 204 months' imprisonment after pleading guilty to one count of False, Fictitious, or Fraudulent Claims, one count of Identity Theft, and one count of Aggravated Identity Theft. (J. 1–2, ECF No. 267.) The Aggravated Identity Theft count was dismissed pursuant to the Court's order granting Onamuti's motion for relief under 28 U.S.C. § 2255, (ECF No. 292), and Onamuti's sentence was modified to 180 months' imprisonment, (Am. J. 2, ECF No. 298). This matter is now before the Court on Onamuti's motions to reduce his sentence under 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF Nos. 334, 340.) The motions are **denied**.

### I.     Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth

in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders" allows a two-level reduction in offense level to certain offenders with no prior criminal history. The Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment (n.1(B)).

## II. Discussion

Onamuti was sentenced to 180 months' imprisonment. In calculating the sentencing guidelines, the Court adopted the presentence investigation report prepared by the U.S. Probation Office with minor factual corrections unrelated to the charged conduct or guidelines calculation. (Statement of Reasons 1, ECF No. 268.) Count One, False, Fictitious, and Fraudulent Claims, and Count Twelve, Identity Theft, were grouped for guideline calculations purposes pursuant to USSG § 3D1.2(d). (Presentence Investigation Report ¶ 48, ECF No. 258.) Under USSG § 2B1.1(a)(2), the base offense level for this group was 6 because the statutory term of imprisonment for each count was less than 20 years. (*Id.* ¶ 49.) Twenty levels were added under USSG § 2B1.1(b)(1)(K) because the offense involved a loss of between $9,500,000 and $25,000,000. (*Id.* ¶ 50.) Two levels were added under USSG § 2B1.1(b)(2)(A) because the identity theft charge involved more than ten victims, and two additional levels were added under USSG § 2B1.1(b)(10)(C) because it involved sophisticated means and Onamuti intentionally engaged in or caused the conduct that constituted sophisticated means. (*Id.* ¶¶ 51–52.) Four levels were added under USSG § 3B1.1(a) because Onamuti was an organizer or leader of a criminal activity involving five or more participants. (*Id.* ¶ 39.) At sentencing, the Government moved for—and the

Court found—a two-level enhancement for obstruction of justice, bringing the total offense level to 36. (Tr. Sentencing 187, ECF No. 279.) No reduction for acceptance of responsibility was given under USSG § 3B1.1. With a criminal history category of I, the guideline range would have been 188 to 235 months' imprisonment; however, the statutory maximum for Count 12 was 180 months. (*Id.* at 188.) The Court imposed a sentence of 60 months on Count 1 and 180 months on Count 12, to be served concurrently for a total of 180 months.

Onamuti argues that Amendment 821 should give him a two-level reduction as a zero-point offender. (Motion 9–10, ECF No. 334.) The Government argues that Onamuti is ineligible because of his role as an organizer or leader of the activity involved in the offense. (Gov't's Opp. 5, ECF No. 342.) The Government is correct. Although Onamuti had zero criminal history points, Amendment 821 applies only to those zero-point offenders who also meet certain criteria. A defendant is not eligible for the reduction if, among other things, he "receive[d] an adjustment under [USSG] § 3B1.1." USSG §§ 4C1.1(a)(10). Onamuti's argument about the conjunctive "and" found in this criterion—"the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848"—misconstrues the language. A defendant meets this criterion only if the defendant *both* did not receive an adjustment *and* was not engaged in a continuing criminal enterprise. It does not mean, as Onamuti contends, that he had to have been engaged in a continuing criminal enterprise in addition to receiving an aggravating role adjustment to be excluded from Amendment 821.

Because Onamuti received an adjustment under USSG § 3B1.1 for being an organizer or leader of a criminal activity that involved five or more participants, he is not eligible for a two-level reduction under Amendment 821, Part B.

The 180-month term of imprisonment remains as imposed pursuant to the Amended Judgment, (ECF No. 298).

### III.   Conclusion

The Court finds that Amendment 821 does not change the applicable guideline range nor his offense level, so Onamuti's Motions to Reduce Sentence, (ECF Nos. 334, 340), are **denied.**

**SO ORDERED.**

Date: 09/11/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Taiwo K. Onamuti
Reg. # 69971-019
FCI Coleman Medium
Federal Correctional Institution
P.O. Box 1032
Coleman, FL 33521

Distribution by CM/ECF to all counsel of record

4